David M. GESHWIND, Plaintiff,

v.

Edward GARRICK, Individually, Edward Garrick Productions, Inc., the Science Museum of Minnesota, and the Association for Computing Machinery, Defendants.

EDWARD GARRICK PRODUCTIONS, INC. and the Association for Computing Machinery, Third–Party Plaintiffs,

v.

Judson ROSEBUSH and Digital Effects, Inc., Third–Party Defendants.

No. 85 Civ. 2136 (RPP).

United States District Court, S.D. New York.

June 27, 1991.

Anne C. Avellone, New York City (Anthony H. Handal, of counsel), for plaintiff.

Squadron, Ellenoff, Plesent & Lehrer, New York City by Slade Metcalf, Mark H. Jackson, Peter A. Silverstein, for defendants and third-party plaintiffs.

## OPINION

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff David Geshwind ("Geshwind") moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate and set aside the Findings of Fact and Conclusions of Law of this Court dated April 12, 1990, 734 F.Supp. 644, on the basis of new evidence, withheld evidence and fraud by the defendants and third-party defendants, and for the Court to find summarily for the plaintiff on the issues of copyright ownership and authorship or, in the alternative, to grant plaintiff a new trial; to impose sanctions against the defendants and third-party defendants; to award plaintiff actual consequential and punitive damages, costs and attorneys' fees, and to order the return of all of the plaintiff's property.

Plaintiff bases its motion on three documents: (1) balance sheets of third-party defendant Digital Effects, Inc. for the years 1983, 1984 and 1985; (2) a memorandum dated November 12, 1985 signed by the then president of third-party defendant, Jeffrey Kleiser, acknowledging that "cer-tain materials" from several projects, including "Japan Power," were the property of plaintiff and had been or still were in the custody of third-party defendant; (3) a hand-drawn map from which Japan Fly–By, and allegedly Roller Coaster, was derived. The first two items are the basis of the new evidence claim. Item (3) is the basis for the withheld evidence claim.

■ At oral argument plaintiff's counsel acknowledged that items (1) and (2) had been in plaintiff's possession for a lengthy period before trial; that plaintiff's counsel had drafted and obtained item (2) from Jeffrey Kleiser of Digital Effects to assure that materials belonging to Geshwind were not sold in bankruptcy proceedings pertaining to third-party defendant; and that plaintiff and his counsel had obtained and used the materials in item (1) to try to arrange a purchase of the third-party defendant before or during its bankruptcy proceedings. Plaintiff's counsel argued, however, that the length of time such records were in plaintiff's possession is not relevant, because until trial defendant did not contend that third-party defendant was the owner of "Japan Power." Accordingly, plaintiff argues he was caught unawares and, at time of trial, did not realize the importance of the documents.[1] The record does not support plaintiff. In paragraphs 11 and 14 on pages 3 and 4 of the affidavit of Don Leich dated May 4, 1987 in support of defendant's motion for summary judgment, he asserted the creator claim and the ownership claim of the third-party defendant to the computerized product for Japan Fly–By (also called Japan Power) and to the work at issue here, the computer graphic animation of Roller Coaster. Tr. 698. Furthermore, in its Local Rule 3(g) Statement plaintiff denied that the third-party defendant was the producer of such computer animation, plaintiff's Rule 3(g) Statement ¶ 18, and stated that Leich was the creator of the computer program from which the film was derived. *Id.* ¶ 21.

---

1. Item (2) can be interpreted as possibly referring to the computer tapes and/or film of Japan Power. Item (1) does not reflect any inventory of films or computer tapes as an asset of the third-party defendant.

Accordingly, since items (1) and (2) were in possession of plaintiff and his counsel and because ownership and creation were in contest prior to trial, items (1) and (2) cannot be deemed newly discovered evidence within the meaning of Rule 60(b).

In any event, the test under Rule 60(b) on which plaintiff bases his motion is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b)." Fed.R.Civ.P. 60(b)(2). In light of the Court's Findings of Fact and Conclusions of Law filed April 12, 1990, both items (1) and (2) fail to meet this requirement.

■■■ Item (3) is alleged by plaintiff to be withheld evidence. Plaintiff states that item (3) was believed by plaintiff and his counsel to have been lost by third-party defendant in 1984 or 1985, and only at argument before the Court of Appeals was its continued existence discovered when defendants' counsel disclosed its continued existence. The Court has not seen what plaintiff states was plaintiff's "hand-drawn map which was traced into Digital Effects' computer to generate the computer animations Japan Fly–By and Roller Coaster." (Geshwind Aff. dated April 27, 1991 ¶ 3; Avellone Aff. dated April 29, 1991 ¶ 6).[2]

At trial the Court was fully aware of such a document and of its use in developing the data base terrain and camera path, and that plaintiff supplied such a document to Leich. Indeed, those facts were not in dispute. At trial Leich acknowledged that he had received such a map, that it had contour lines on it, and that he had used it in his development of some of the topography for Japan Fly–By. Tr. 1123–1132; 1136–1137; 1217–1219. He stated it appeared to be a tracing. Tr. 1124. Leich's testimony indicated that the final product of Japan Fly–By's terrain was somewhat different from the contour maps he received, and that Roller Coaster's terrain was changed from that of Japan Fly–By

by, among other things, a scaling down of the elevations. Tr. 1172–1173; 1184–1190.

The Court's viewing of the two films confirmed a difference in the terrains shown. Accordingly, the Court finds that even if the terrain in Japan Fly–By was traced on to Digital Effects' computer as claimed now by plaintiff but not supported by his trial testimony, the Court would still have found significant differences in the contours of the terrain used in "Roller Coaster," the allegedly infringing work; that, at most, the Court might have found Geshwind a joint owner of Japan Fly–By; and that it would still have found Leich the sole creator of Roller Coaster.

The hand-drawn map of plaintiff, if that is what it was, would not have been material evidence at the trial. The films were not in black and white, but in color. Indeed, the thrust of the plaintiff's case at trial was his claim to have been the creator of the underlying computerized data and tapes and, thus, the computer graphic film, Tr. 378–428; 689–768, not that the creative work of the hand-drawn map was what had been infringed by Roller Coaster. There is no probability that the existence of the hand-drawn map in Court as the acknowledged work of plaintiff would have produced a different trial result.

Furthermore, the failure of plaintiff to have access to such evidence at time of trial is due to lack of its own counsel's diligence for which, of course, plaintiff has recourse. In the normal pretrial discovery, if plaintiff's counsel chose to make such discovery requests of the third-party defendant, item (3) should have been produced. Instead, plaintiff's counsel only conducted discovery of the defendants' documents. At trial defendants' counsel saw item (3) for the first time in a few minutes interval. Still it had a professional obligation to disclose it to plaintiff's counsel which it did not fulfill. There is no showing that defendants' counsel recalled plaintiff's discovery requests at that time and it is unlikely that defendants' counsel regarded item (3) as an

---

2. In his petition for rehearing before the Court of Appeals, plaintiff stated somewhat more accurately that the map "was the first actual em-

bodiment of the data base terrain used in Japan Fly–By" and "Roller Coaster."

evidentiary document of significance. During the rigors of trial, such oversights may occur. Nevertheless, the Court notes this failure by defendants' counsel to observe its duty to produce. Since the Court does not find that the result of the trial would have been different, however, it has determined not to pursue this failure further.

The plaintiff's motion is denied. The case is closed.

IT IS SO ORDERED.